IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOSE ANTONIO LOPEZ ESTEPE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-363-KC |
| | § | |
| PAM BONDI et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered the case. On February 18, 2026, the Court ordered

Respondents to provide a status report, by March 18, detailing (1) whether Cuba accepted a

renewed travel document request for Lopez Estepe; (2) whether he can be removed to Mexico

without his consent; (3) whether a third country, other than Cuba or Mexico, has been identified

for removal, and if so, whether travel documents have been submitted, and the anticipated

response timeline. Feb. 18, 2026, Order 2, ECF No. 7.

On March 18, Respondents filed an Advisory, ECF No. 11, to which they attached the

Declaration of Assistant Field Office Director Angel Garite ("Garite Decl."), ECF No. 11-1.

According to Garite, on January 11, 2026, Lopez Estepe was transferred from Miami, Florida to

El Paso, Texas "to attempt a third country removal to Mexico." *Id.* ¶ 12. But on January 19,

Enforcement and Removal Operations ("ERO") El Paso "served Lopez [Estepe] [with] a third

country removal form which he refused to sign, refused to depart his housing unit, and stated he

did not want to [go to] Mexico." *Id.* ¶ 13. As for removal efforts to Cuba, on February 6, 2026,

Lopez Estepe was transferred "to ERO Oakdale to be placed on a removal flight to Cuba as per

guidance by IOD-Cuba." *Id.* ¶ 14. However, "[o]n February 18, 2026, IOD-Cuba confirmed

that Lopez [Estepe] was not approved by the Government of Cuba for return." *Id.* ¶ 15. Thus, on February 26, Lopez Estepe was transferred "to ERO Florence to attempt another third country removal to Mexico." *Id.* ¶ 16. However, "[o]n March 01, 2026, ERO Florence advised ERO Miami that Mexico would not accept Lopez [Estepe] as failure to comply removal." *Id.* ¶ 17. Lopez Estepe has now been transferred back to Miami. *See id.* ¶ 18. According to Garite, "ERO will continue to work with ICE Removal and International Operations to seek another third country removal." *Id.* ¶ 19. Respondents, however, do not provide an anticipated timeline for identification of a third country for removal. *See generally id.*; Resp.

In sum, Lopez Estepe cannot be removed to Cuba and it appears that Mexico will not accept him either. Nevertheless, because Respondents are continuing their efforts to effectuate his removal to another third country, the Court finds it appropriate to order an additional status report. However, Respondents are cautioned that they must continue to take concrete steps to remove Lopez Estepe and the Court will not look favorably upon a failure to identify a third country for removal.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than April 20, 2026**, detailing the following:

(1) whether a third country, other than Cuba or Mexico, has been identified for Lopez Estepe's removal and, if not, the expected timeline for identification;

(2) if a third country has been identified, whether a travel document request has been submitted to that country for Lopez Estepe, and if not, the expected timeline for submission; and

(3) if a travel document request has been submitted, the date it was submitted and the country's response or the expected timeline for a response.

**SO ORDERED.**

SIGNED this 20th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE