IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JOSE ANTONIO LOPEZ ESTEPE, §
§
Petitioner, §
§
v. § CAUSE NO. EP-26-CV-363-KC
§
PAM BONDI et al., §
§
Respondents. §

## ORDER

On this day, the Court considered Jose Antonio Lopez Estepe's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 3. Lopez Estepe is detained at the El Paso East Montana Detention facility in El Paso, Texas. Pet. ¶ 1. He argues that his detention is unlawful and asks the Court to order his release. *See id.* ¶¶ 21–33; Mot. 2.

Lopez Estepe is a Cuban citizen who came to the United States in June 1995 as a political refugee. Pet. ¶ 11. He was a permanent resident until he was issued a final order of removal on February 11, 1999. *Id.* ¶ 12. However, he was not removed because he "cannot be removed to Cuba." *Id.* at 1. Instead, after ninety days of detention, he was released under supervision for the last twenty-five years. *Id.* ¶ 14.

On October 25, 2025, Lopez Estepe was arrested and re-detained. *Id.* ¶ 15. He was not given any notice of termination of his supervision. *Id.* ¶ 3. Since his re-detention, Lopez Estepe has "cooperated fully with all efforts of ICE to remove [him] from the United States." *Id.* ¶ 18. However, "ICE has been unable to remove [Lopez Estepe] to Cuba or any other Country." *Id.* ¶ 17. Lopez Estepe cannot be removed to Cuba because "there is no repatriation agreement between the United States and Cuba for political refugees such as [him], and Cuba will not

accept political refugee Cubans from the era that [he] arrived to the United States." *Id.* ¶ 23. According to Lopez Estepe, "Respondents are taking Cuban[s] such as Petitioner to the El Paso Detention Center and forcing them to cross the border illegally in the middle of the night, providing no safe guard[s], protections or legal documents against their will." *Id.* ¶ 29.

On February 6, 2026, Lopez Estepe filed this Petition, challenging his continued detention on statutory and constitutional grounds, and seeking his immediate release. *Id.* ¶¶ 21–33. On February 9, the Court ordered Respondents to show cause why the Petition should not be granted. Show Cause Order 3–4, ECF No. 2. In answer to the Court's Show Cause Order, Respondents stated that although Cuba had rejected Lopez Estepe's travel document request in November 2025, he was scheduled for a charter flight to Cuba in early March, but the charter flight was canceled for unknown reasons. 1st Decl. Angel Garite ¶¶ 14, 24, 26, ECF No. 6-1. In January, Respondents had attempted to remove Lopez Estepe to Mexico, but he would not consent to be deported to that country. *Id.* ¶¶ 17–21. Thus, Respondents were "actively working to identify a third country to remove Lopez Estepe to" and "anticipate[] no impediments to removing [him] to a third country upon [their] identification of such country and prompt submission of a travel document request." *Id.* ¶¶ 28–29.

Respondents were thus given a month to provide a status report detailing (1) whether Cuba had accepted a renewed travel document request for Lopez Estepe, and if so, the expected timeline for his removal to Cuba; (2) whether Lopez Estepe could be removed to Mexico without his consent and, if not, whether Lopez Estepe had consented to removal to Mexico, and the expected timeline for his removal to Mexico; (3) whether a third country, other than Cuba or Mexico, had been identified for Lopez Estepe's removal and, if not, the expected timeline for identification; (4) if a third country had been identified, whether a travel document request had

2

been submitted to that country for Lopez Estepe, and if not, the expected timeline for submission; and (5) if a travel document request had been submitted, the date it was submitted and the country's response or the expected timeline for a response.  Feb. 18, 2026, Order 2, ECF No. 7.

On March 18, Respondents filed an Advisory, ECF No. 11, stating that Lopez Estepe was transferred to a different detention facility to be placed on a removal flight to Cuba, but that on February 18, Respondents received confirmation that Cuba would not accept him.  2d Decl. Angel Garite ¶¶ 14–15, ECF No. 11-1.  Thus, on February 27, Lopez Estepe was transferred to Florence, Arizona to be removed to Mexico.  *Id.* ¶ 16.  However, on March 1, Respondents were advised that Mexico would not accept Lopez Estepe without his consent.  *Id.* ¶ 17.  Again, Respondents stated they were continuing to seek another third country for removal.  *Id.* ¶ 19.

Respondents were thus given another month to provide a status report detailing (1) whether a third country, other than Cuba or Mexico, has been identified for Lopez Estepe's removal and, if not, the expected timeline for identification; (2) if a third country has been identified, whether a travel document request has been submitted to that country for Lopez Estepe, and if not, the expected timeline for submission; and (3) if a travel document request has been submitted, the date it was submitted and the country's response or the expected timeline for a response.  Mar. 20, 2026, Order 2, ECF No. 12.

Respondents now inform the Court that "[n]o other alternative countries have been identified and there is no expected timeline for removal."  Resp., ECF No. 14.

Respondents have been aware that Cuba would not accept Lopez Estepe since November 2025, which was again confirmed in February 2026.  *See* 1st Decl. Angel Garite ¶ 14; 2d Decl. Angel Garite ¶ 15.  And that Mexico would not accept Lopez Estepe since March 1, 2026.  *See*

3

2d Decl. Angel Garite ¶ 17.  Lopez Estepe has now been detained for just over six months.  *See* Pet. ¶ 15.  And Respondents have not even identified another third country for removal, let alone taken any concrete steps to obtain travel documents from that country on Lopez Estepe's behalf. *See generally* Resp.  Respondents do not even claim that they are working to identify third countries for Lopez Estepe's removal any longer.  *See generally id.*  They do not describe a single concrete action they have taken to effectuate Lopez Estepe's removal since Cuba and Mexico declined to accept him.  *See generally id.*  Nor do they describe any steps they plan to take to effectuate his removal, and they state that "there is no expected timeline for [his] removal."  *See id.*

Therefore, the Court finds that Lopez Estepe has carried his initial burden of demonstrating that his removal is not significantly likely to occur in the reasonably foreseeable future, and that Respondents have failed to carry their corresponding burden of showing that it is. *See Zadvydas*, 533 U.S. at 689–90.  In short, *Zadvydas* prohibits indefinite post-removal order detention.  Because Respondents continue to hold Lopez Estepe in detention, despite taking no concrete steps to find a country that will take him, his ongoing detention is indefinite, and thus, prohibited.  *See id.*; *see, e.g. Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025); *Araya Mogos v. Thompson*, No. 5:26-cv-740-JKP, 2026 WL 475079, at *6 (W.D. Tex. Feb. 13, 2026).

Accordingly, the Petition, ECF No. 3, is **GRANTED IN PART**.  The Court **ORDERS** that Respondents shall release Lopez Estepe from custody, under reasonable conditions of supervision, **<u>by no later than May 4, 2026</u>**.

**IT IS FURTHER ORDERED** that, <u>on or before May 4, 2026</u>, Respondents shall **FILE** notice informing the Court whether Lopez Estepe has been released from custody in compliance with this Order.

**IT IS FURTHER ORDERED** that Respondents shall **RETURN** all of Lopez Estepe's personal property in their custody, without which his liberty interest will be affected, to him upon release.  Such property includes, but is not limited to, identification documents.

<u>**Barring exceptional circumstances, there will be no extensions of the May 4, 2026, deadlines.**</u>

**SO ORDERED**.

**SIGNED this 27th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

5